**D & K ROOFING, INC., Appellee,**

**v.**

**PLESO, Appellant.**

[Cite as *D & K Roofing, Inc. v. Pleso* (1991), 77 Ohio App.3d 181.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4482.

Decided Sept. 16, 1991.

*John A. Leopardi,* for appellee.
*James B. Callen,* for appellant.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case.

On or about June 16, 1987, appellant, Mary Pleso, entered into an oral agreement with appellee, D & K Roofing, Inc. ("D & K"), wherein D & K was to install a new roof on appellant's home for a price of $1,145. The trial court found that during the course of the roof installation, appellee failed to cover the roof during several rain storms, failed to maintain the shingle tab within the proper standard, failed to properly flash the chimney, failed to properly weave the valleys, failed to properly install roof vents, and failed to properly seal the plumbing vents.

On October 19, 1987, appellee filed a complaint in Girard Municipal Court seeking monetary damages of $1,145 from the appellant. Appellee claimed the roof repairs were complete and it had been unable to collect on its bill. On December 28, 1987, appellant filed an answer and counterclaim against appellee, setting forth several causes of action including breach of contract, negligence, violations of the Consumer Sales Practices Act, and fraud.

The case went to trial on October 19, 1988. The trial court awarded judgment in favor of appellee in the amount of $572. On appellant's counterclaims for breach of contract and negligence, the court awarded her judgment in the amount of $2,565. The net award to appellant was in the sum of $1,993. The court entered judgment in favor of the appellee on appellant's claims for fraud and violations of the Consumer Sales Practices Act. Regarding appellant's claimed violations of R.C. 1345.02(B) and 1345.03(B), the court stated:

" * * * [T]his Court does not find nor does the evidence support the conclusion that [appellee] had knowledge before, during or after the transaction sufficient to violate the standards set forth in said statute."

From that judgment, appellant filed an appeal to this court, claiming that the trial court erred in holding that appellee had not committed a deceptive act in violation of R.C. 1345.02. In reversing the judgment of the trial court, this

court stated that the trial court erred in not specifically deciding whether appellee had violated R.C. 1345.02(A). The trial court did find, however, that appellee had not violated R.C. 1345.02(B).

R.C. 1345.02(A) provides:

"No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

The first paragraph of R.C. 1345.02(B) provides:

"Without limiting the scope of division (A) of this section, the act or practice of a supplier in representing any of the following is deceptive: * * *[.]"

In distinguishing between R.C. 1345.02(A) and (B) in the earlier appeal involving this case, we stated, in part:

" * * * It is clear from the face of the statute that the laundry list presented in section (B) is not meant to limit the broad scope of section (A). A supplier can violate R.C. 1345.02 by either doing one of the prohibited acts outlined in section (B) *or* by committing an unfair or deceptive act as outlined in section (A)." (Emphasis supplied.) *D & K Roofing, Inc. v. Pleso* (June 8, 1990), Trumbull App. No. 88–T–4155, unreported, 1990 WL 78854.

The case was then remanded to the trial court to determine whether appellee *knowingly* committed an act which would violate R.C. 1345.02(A). The trial court was also instructed to consider whether treble damages should have been awarded pursuant to R.C. 1345.09 if, on remand, the trial court determined that R.C. 1345.02(A) had, in fact, been violated.

Upon remand, the trial court found that appellee did not *knowingly* commit an act which would violate R.C. 1345.02(A). From that decision, appellant has timely filed a notice of appeal with the following assignments of error:

"1. The trial court erred to the prejudice of defendant-appellant in holding that plaintiff-appellee did not commit an unfair and deceptive act or practice in violation of Section 1345.02(A) of the Ohio Revised Code.

"2. The trial court erred to the prejudice of defendant-appellant by not awarding her treble damages after the court found that plaintiff-appellee had not made repairs to her home in a competent, satisfactory and workmanlike manner."

In the first assignment of error, appellant contends that the trial court erred in holding that appellee did not commit an unfair and deceptive act or practice in violation of R.C. 1345.02(A). Appellant asserts that knowledge is not a prerequisite to prove a violation of R.C. 1345.02(A) and, therefore, the trial court placed too high a burden on appellant to show that appellee

committed an unfair or deceptive consumer sales practice. It is clear that if appellant is correct in her assertion, then this court must accept the responsibility for the error as the trial court was merely following the directive of this court on remand.

After further review of the law, it is clear that appellant's argument is sound. Proof of intent to deceive is not a prerequisite to establishing a violation of R.C. 1345.02(A). As the court held in *Brown v. Bredenbeck* (C.P.1975), 2 O.O.3d 286, 287:

"[T]he place to look to determine the presence of a deception is in the state of mind of the consumer, and not at the intent of the supplier. Thus, if the supplier does or says something, regardless of intent, which has the likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts, then the act or statement is deceptive."

R.C. 1345.02(A) makes no mention of a supplier's knowledge as a prerequisite to liability. It is not necessary that the supplier knowingly commit the act or practice. This is in contrast to at least two other sections of the Act, R.C. 1345.03 and R.C. 1345.09(F), which address the issues of unconscionable consumer sales practices and the penalty of attorney fees, respectively.

For the foregoing reasons, appellant's first assignment of error is well taken. The cause will again be remanded to the trial court to determine if appellee has violated R.C. 1345.02(A).

In appellant's second assignment of error, she contends that the trial court erred by not awarding her treble damages after finding that appellee had not made repairs to her home in a competent, satisfactory, or workmanlike manner.

The trial court has already determined that appellee did not violate R.C. 1345.02(B) or 1345.03. On remand, if the trial court finds that appellee did violate R.C. 1345.02(A), then it must address the issue of treble damages pursuant to R.C. 1345.09. The trial court has the discretion to award treble damages if it finds a violation of that section.

For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

NADER and BASINGER, JJ., concur.

RANDALL L. BASINGER, J., of the Court of Common Pleas of Putnam County, sitting by assignment.